**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MD MAHBUB HOSSAIN, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-73528 <br><br> Agency No. A095-630-096 <br><br><br> MEMORANDUM[*] |
| MD MAHBUB HOSSAIN, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-70102 <br><br> Agency No. A095-630-096 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 6, 2013
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: GOULD, N.R. SMITH, and NGUYEN, Circuit Judges.

Md Mahbub Hossain petitions for review of the Board of Immigration Appeals' (BIA) denials of a motion to reopen. The BIA denied Hossain's motion to reopen on July 15, 2008. Hossain moved for reconsideration, which the BIA granted. Upon reconsideration of Hossain's request to reopen, the BIA again denied the motion to reopen on December 22, 2008. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny Hossain's consolidated petitions for review.

The BIA did not abuse its discretion in denying Hossain's motion to reopen. The motion was untimely because it was not filed "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). Further, Hossain was not entitled to equitable tolling based on purported ineffective assistance of counsel because he failed to demonstrate that he acted "with due diligence in discovering the deception, fraud or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) ("This court . . . recognizes equitable tolling of deadlines and numerical limits on motions to reopen or reconsider during periods when a petitioner is prevented from filing because of deception, fraud, or error, *as long as the petitioner acts with due diligence in discovering the deception, fraud, or error*." (emphasis added)).

2

In evaluating whether Hossain exercised due diligence, we consider the following:

> First, we determine if (and when) a reasonable person in petitioner's position would suspect the specific fraud or error underlying her motion to reopen. Second, we ascertain whether petitioner took reasonable steps to investigate the suspected fraud or error, or, if petitioner is ignorant of counsel's shortcomings, whether petitioner made reasonable efforts to pursue relief . . . . Third, we assess when the tolling period should end; that is, when petitioner definitively learns of the harm resulting from counsel's deficiency, or obtains "vital information bearing on the existence of his claim."

*Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (internal citations omitted).

Applying the foregoing factors, we agree with the BIA's finding that a reasonable person in Hossain's position would have suspected his former counsel's deficient performance at least as early as February 2006, when his former counsel advised him of the BIA's February 9, 2006, decision denying his appeal. Hossain, a trained lawyer in Bangladesh, contends that even prior to the BIA's denial of his appeal, his former counsel failed to adequately prepare him for the merits hearing in October 2004 before the Immigration Judge. Hossain also contends that, prior to the hearing, his former counsel failed to discuss with him the legal requirements for asylum, withholding of removal, or protection under the Convention Against Torture. Hossain admits that later, within a short time after the BIA denied his

3

appeal, his former counsel read to him the BIA's decision. Despite numerous signs that would have alerted a reasonable person–much less one with the legal education and training like Hossain–to his counsel's possible deficient performance, Hossain nevertheless failed to take any action to investigate until he met with current counsel on October 12, 2007. *See Avagyan*, 646 F.3d at 680 (holding that the denial of petitioner's appeal to the BIA "would have put a reasonable person in [the petitioner's] position on notice that something was wrong with [his attorneys'] preparation for the removal hearing").

Under these circumstances, the BIA did not abuse its discretion in concluding that Hossain was not entitled to equitable tolling because he failed to act diligently when he filed a motion to reopen more than three years after his former counsel's inadequate performance at the merit hearing and more than two years after the BIA denied his administrative appeal.

We need not and do not reach the remaining issues raised on appeal.

**PETITIONS FOR REVIEW DENIED.**